**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hamilton Duncan, Individually and Hamilton Duncan, as Personal Representative of the Estate of Christine A. Duncan, Respondent,

v.

Roy Drasites and Elizabeth Drasites, Appellants.

Appellate Case No. 2016-000046

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2018-UP-211
Submitted March 28, 2018 – Filed May 16, 2018

———————

**AFFIRMED**

———————

James Randall Davis, of Davis Frawley Anderson McCauley Ayer Fisher & Smith, LLC, of Lexington, for Appellant.

Michael W. Tighe and George Albert Taylor, of Callison Tighe & Robinson, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Elizabeth and Roy Drasites appeal an order of the Master-in-Equity declaring that Hamilton Duncan has an easement over their

property for the purpose of accessing Lake Murray and enjoining them from interfering with Duncan's use of the easement. The Drasites argue the master erred by (1) finding the easement was intended to allow the dominant estate access to Lake Murray and therefore burdens their entire property line, and (2) concluding Duncan can use the easement to launch small watercraft into the lake. We affirm.[1]

1. We find the master did not err in declaring that Duncan's easement extends the entirety of the Drasites' property line to its boundary with Lake Murray. *See Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015) ("On appeal from an action in equity, [the appellate court] may find facts in accordance with its view of the preponderance of the evidence."); *Laughon v. O'Braitis*, 360 S.C. 520, 524-25, 602 S.E.2d 108, 111 (Ct. App. 2004) ("However, this broad scope of review does not require this court to disregard the findings at trial or ignore the fact that the [master] was in a better position to assess the credibility of the witnesses.").

It is undisputed Duncan and the Drasites are owners of two adjacent properties located on an inland cove of Lake Murray; the Drasites' property abuts the water and is situated between the lake and Duncan's one acre parcel. Additionally, it is undisputed Duncan and the Drasites acquired their respective properties subject to an easement granting Duncan a right of access over the Drasites' property to a terminus at the "360[' foot] contour of Lake Murray." Furthermore, the uncontroverted testimony at trial indicated the 360' foot contour is Lake Murray's high-water mark and represented the boundary between the lake—managed by South Carolina Electric and Gas (SCE&G)—and privately-owned property. Accordingly, we agree with the Master's determination that the easement's terminus at the "360[' foot] contour of Lake Murray" refers to the lake's boundary with the Drasites' property rather than the exact location where the easement ends. We do not believe it was the grantor's intent to give the dominant estate a right of access to a point just shy of the lake depending on whether the water level is high or low; or, as was also argued based on a plat outside the of the parties' chain of title, for the easement to provide access to a dirt road traversing the southern boundary of the Drasites' property short of and leading away from the lake. *See Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct. App. 2001) ("A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments." (quoting 28A C.J.S. *Easements* § 57 (1996))); *C.A.N. Enters., Inc. v. S.C. Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988) ("Common sense and good faith are the leading touchstones of construction of the provisions of a[n] [easement]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

. . . ."); *Smith v. Comm'rs of Pub. Works of Charleston*, 312 S.C. 460, 468, 441 S.E.2d 331, 336 (Ct. App. 1994) ("In determining the extent of an easement . . . , consideration must be given to what is essentially necessary to the enjoyment of the [dominant] property."); Finally, although there was no plat prepared contemporaneously with the easement, we note that, with the exception of the plats prepared for this litigation, all of the plats in the parties' chains of title show the easement terminating at the waters of Lake Murray.

2. We find the master did not err in concluding Duncan may maintain the easement in a manner that allows him to launch small watercraft into Lake Murray. The Drasites acknowledge the existence of an easement for a "road running generally along the [s]outheastern boundary" of their property. The easement itself is twenty feet wide, which is wide enough for a vehicle to traverse. Moreover, the Drasites did not present evidence illustrating how Duncan's ability to use the easement in such a manner would harm them or their property. Finally, Duncan is responsible for bearing the cost of maintaining the easement, and any improvements would be subject to SCE&G's approval. *See Hill v. Carolina Power & Light Co.*, 204 S.C. 83, 96, 28 S.E.2d 545, 549 (1943) ("[A] grant or reservation of an easement in general terms is limited to a use [that] is reasonably necessary and convenient and as little burdensome to the servient estate as possible for the use contemplated."); *Rhett v. Gray*, 401 S.C. 478, 494, 736 S.E.2d 873, 881 (Ct. App. 2012) ("The owner of an easement has all rights incident or necessary to its proper enjoyment, but nothing more."). Based on the foregoing, we agree with the master that the ability to carry and launch small watercraft is incident to the enjoyment of the easement and would not be a burden on the Drasites' property.[2]

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] Our decision should in no way be construed as providing Duncan unbridled authority to remove any permanent fixtures the Drasites placed on their property for landscaping or support purposes.